**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

AVIMAEL DIAZ-CRUZ,

Petitioner,

v.

No. 1:25-cv-01117-MLG-JMR

GEORGE DEDOS, in his official capacity as Warden of the Cibola County Correctional Center; MARY DE ANDA-YBARRA, in her official capacity as El Paso Field Office Director for U.S. Immigration and Customs Enforcement; TODD LYONS, in his official capacity as Acting Director of U.S. Customs and Immigration Enforcement; KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; and PAMELA BONDI, in her official capacity as Attorney General of the United States,

Respondents.

**ORDER DIRECTING RESPONDENTS TO RELEASE PETITIONER ON BOND**

This matter is before the Court on Petitioner Avimael Diaz-Cruz's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 224 ("Petition"). Doc. 1. On September 17, 2025, Diaz-Cruz was arrested in Yakima, Washington, by U.S. Immigration and Customs Enforcement ("ICE") officers and charged with being "a [noncitizen][1] present in the United States who has not been admitted or paroled" pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). *Id.* at 7 ¶¶ 24-25; Doc. 1-3 at 1. Following his arrest, Diaz-Cruz was detained at the Northwest ICE Processing Center and issued a Notice to Appear ("NTA") before an Immigration Judge ("IJ") on September 30, 2025, in

[1] "This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

Tacoma, Washington, "to show why [he] should not be removed from the United States based on the charge(s)" set forth at his arrest. Docs. 1 at 25 ¶¶ 81-82, 1-3 at 1.

Diaz-Cruz was granted a bond hearing and requested release from detention pending his November 5, 2025, removal proceedings.[2] Docs. 1 at 25 ¶ 83, 14 at 3 ¶¶ 3-4. At the October 22, 2025, bond hearing, Diaz-Cruz argued that he is eligible for pretrial release because he qualifies for membership in a Bond Denial Class—certified by the district court for the Western District of Washington—consisting of members that "are detained under 8 U.S.C. § 1226(a)['s discretionary detention scheme] and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." Doc. 1 at 24 ¶¶ 78-82 (quoting *Rodriguez v. Bostock*, No. 3:25-cv-05240, 2025 WL 2782499, at *27 (W.D. Wash. Sept. 30, 2025)). Class members, the district court for the Western District of Washington held, consisted of:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, [and] (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez v. Bostock*, No. 3:25-cv-05240, 2025 WL 2782499, at *6 (quoting *Rodriguez v. Bostock*, 349 F.R.D. 333, 348 (W.D. Wash. May 2, 2025)). Despite Diaz-Cruz's detention at the Northwest ICE Processing Center and the district court's certification of the Bond Denial Class in *Rodriguez*, IJ Odell denied Diaz-Cruz's bond request—citing lack of jurisdiction under the BIA's recent decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025)[3]—and ordered Diaz-Cruz's

[2] After his October 22, 2025, bond hearing, Diaz-Cruz's removal proceedings were continued until December 16, 2025. Doc. 14 at 3 ¶ 5.

[3] A recent BIA precedential decision holding that section 235(b)(2)(A) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1225(b)(2)(A), precludes IJs from granting bond requests to people who are present in the United States unlawfully. *Id.*

continued mandatory detention until his December 16, 2025, trial date. Docs. 1-1 at 1-2, 14 at 3 ¶ 4-5. IJ Odell conceded, however, that "*if* the court had jurisdiction, the court would grant a bond in the amount of $12,000 and any conditions deemed necessary by ICE/DHS." Doc. 1-1 at 1 (emphasis added).

On October 30, 2025, Diaz-Cruz was transferred from the Western District of Washington to Cibola County Correctional Center ("CCCC") in Milan, New Mexico. Now, he enters a Petition with the U.S. District of New Mexico, urging the Court to (1) "[a]ssume jurisdiction over this matter;" (2) "[i]ssue a writ of habeas corpus requiring that Respondents immediately release Petitioner on $12,000 bond under the IJ's alternative bond order[;]" (3) "[d]eclare the Petitioner's continued detention violates the INA and the Due Process Clause of the Fifth Amendment;" and (4) "[a]ward Petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. [§ 2412][.]" Doc. 1 at 28; Doc. 14 at 3 ¶ 6.

In determining Diaz-Cruz's Petition, the dispositive question presented to this Court is whether Diaz-Cruz is eligible for a bond hearing pursuant to 8 U.S.C. § 1226(a),[4] or whether he is subject to the mandatory detention provisions provided for in § 1225(b)(2).[5] Like the overwhelming majority of courts who have considered the matter, this Court agrees that § 1226(a) governs his detention and, therefore, Diaz-Cruz is entitled to an individualized bond hearing.[6] *See*

[4] "On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." § 1226(a) (emphasis added).

[5] "[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a." § 1225(b)(2) (emphasis added).

[6] "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas v. Davis*,

*Salazar v. Dedos*, No. 1:25-cv-00835, 2025 WL 2676729, at *4 (D.N.M. Sept. 17, 2025); *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031, 2025 WL 3187432 (D.N.M. Nov. 14, 2025); *see also Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 483-91 (S.D.N.Y. 2025); *Jimenez v. FCI Berlin*, No. 25-cv-326, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); *Echevarria v. Bondi*, No. CV-25-03252, 2025 WL 2821282, at *4-5 (D. Ariz. Oct. 3, 2025) (collecting cases); *Ochoa Ochoa v. Noem*, No. 25-cv-10865, 2025 WL 2938779, at *5 n.8 (N.D. Ill. Oct. 16, 2025) (collecting cases).

Accordingly, the Court hereby orders that Respondents immediately release Diaz-Cruz upon payment of the $12,000 bond found in the alternative by IJ Odell. *See* Doc. 1-1 at 1-2; *Alfaro v. Wamsley*, No. 2:25-cv-01706, 2025 WL 2822113, at *8 (W.D. Wash. Oct. 2, 2025) (ordering respondents to—within seven days of the order—release the petitioner "from detention or allow [her] release upon payment of the bond amount found in the alternative by the Immigration Judge is his [previous] order"); *cf. Lopez Benitez*, 795 F. Supp. 3d at 496-99 (ordering the petitioner who was incorrectly detained under § 1225(b) instead of § 1226(a) be immediately released from custody rather than ordering the petitioner to have a bond hearing in front of the IJ). Since IJ Odell alternatively found a $12,000 bond would be appropriate, a determination has been made that Diaz-Cruz is neither a danger to the community nor—given his strong ties to the community—a flight risk. *See* Doc. 1 at 6-7 ¶¶ 21-23; *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir.

---

533 U.S. 678, 693 (2001) ("[O]nce [a] [noncitizen] enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."). Given that § 1226(a) is controlling, Diaz-Cruz was entitled—as a right—to an individualized bond hearing. *See Salazar v. Dedos*, No. 1:25-cv-00835, 2025 WL 2676729, at *5. Diaz-Cruz's continued detention on the basis of § 1225(b)(2) constitutes an ongoing violation of the INA and his right to due process under the Fifth Amendment of the U.S. Constitution. *See Rodriguez,* 2025 WL 2782499, at *27.

2022) (describing the factors considered by IJs during a bond-determination hearing pursuant to § 1226(a) and its implementing regulations). This relief is therefore proper.

Furthermore, the Court finds Diaz-Cruz's petition for attorney's fees and costs under the EAJA, Doc. 1 at 28, should be granted. *See* 28 U.S.C. § 2412(b) ("Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States . . . in any court having jurisdiction of such action."); *Delay v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) ("[W]e read the EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention.").

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA