IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AVIMAEL DIAZ-CRUZ,

    Petitioner.

v.                                                                           Case No. 1:25-cv-01117-MLG-JMR

GEORGE DEDOS, in his official capacity
as Warden of Cibola County Correctional
Center; MARY DE ANDA-YBARRA, in
her official capacity as El Paso Field Office
Director for U.S. Immigration and Customs
Enforcement; TODD LYONS, in his official
capacity as Acting Director of U.S. Immigration
and Customs Enforcement; KRISTI NOEM,
in her official capacity as Secretary of the
Department of Homeland Security; and
PAMELA BONDI, in her official capacity as
Attorney General of the United States,

    Respondents.

## ORDER FOR JOINT STATUS REPORT ON PETITIONER'S PRAYERS FOR RELIEF

This matter is before the Court on Petitioner Avimael Diaz-Cruz's November 10, 2025, Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). Doc. 1. The Petition asked the Court to:

(1) Assume jurisdiction over this matter;

(2) Order Respondents to show cause for why relief should not be granted;

(3) Issue a writ of habeas corpus requiring Diaz-Cruz's release under Immigration Judge ("IJ") John Odell's $12,000 alternative bond order;[1]

---

[1] Diaz-Cruz was arrested on September 17, 2025, at a traffic stop in Yakima, Washington. Doc. 14 at 2 ¶ 2. He was detained at the U.S. Immigration and Customs Enforcement ("ICE") Office for Enforcement and Removal Operations and issued a Notice to Appear ("NTA") before an IJ in Tacoma, Washington. *Id.* at 2-3 ¶¶ 2-3. IJ John Odell denied Diaz-Cruz's request for release on

1

(4) Declare that Diaz-Cruz's continued detention violates the Immigration and Nationality Act (INA) and the Due Process Clause of the Fifth Amendment;

(5) Award Diaz-Cruz any attorneys' fees and costs related to this Petition; and

(6) Grant any further relief deemed proper by the Court.

Doc. 1 at 28.

On December 12, 2025, the Court granted Diaz-Cruz's first and second requests for relief by issuing an Order for Respondents to show cause. Doc. 7 at 1-2; *see generally* 28 U.S.C. §§ 1331, 2241 (addressing the Court's power to rule on federal questions and writs of habeas corpus that arise within its jurisdiction). The Government responded, asking the Court to reject the Petition because Diaz-Cruz was subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and therefore, ineligible for release on bond. Doc. 14 at 2. Even if the Court found Diaz-Cruz's detention was not governed by § 1225(b)(2), the Government maintained that Diaz-Cruz should still be required to submit to another evidentiary hearing (pursuant to § 1226(a)) before being deemed eligible for release on bond. Doc. 14 at 2.

The Court joined a majority of other courts and held that Diaz-Cruz (like other similarly situated persons) should be afforded a hearing pursuant to § 1226 (as opposed to being held indefinitely pursuant to § 1225) and granted his third request for relief. Doc. 16 at 3-4 (collecting cases). Diaz-Cruz was ordered released in accordance with payment of IJ Odell's $12,000 alternative bond order. *Id.* at 4. In recognition of the Petition's fourth request for relief, the Court

---

bond, citing lack of jurisdiction under *Matter of Hurtado*, 29 I&N Dec. 216 (BIA 2025). *Id.* at 3 ¶ 4; Doc. 1-1 at 1. IJ Odell made an alternative finding, however, that "if the court had jurisdiction, the court would grant a bond in the amount of $12,000 and any conditions deemed necessary by ICE/DHS." Doc. 1-1 at 1; *see also* Doc. 14 at 3 ¶ 4. One week later, Diaz-Cruz was transferred from the ICE Processing Center in the Western District of Washington to Cibola County Correctional Center ("CCCC") in Milan, New Mexico, "due to operational and bed space needs . . . ." Doc. 14 at 3 ¶ 6.

held that "Diaz-Cruz's continued detention on the basis of § 1225(b)(2) constitute[d] an ongoing violation of the INA and his right to due process under the Fifth of Amendment of the U.S. Constitution." *Id.* at 3-4 n.6. And lastly, the Court granted Diaz-Cruz's fifth and final prayer for relief, ordering that Diaz-Cruz be granted attorneys' fees and costs as deemed proper under the Equal Access to Justice Act ("EAJA"). *Id.* at 4-5.

Pursuant to Federal Rule of Civil Procedure 58, the Court is required to enter its final judgment in a separate document once all of petitioner's prayers for relief have been fully addressed. The Court takes notice that Diaz-Cruz's trial date was reset for December 16, 2025. Doc. 14 at 3 ¶ 5. Two weeks have passed, yet the Parties have not updated the Court regarding compliance with its Order Directing Respondents to Release Petitioner on Bond, Doc. 16, nor the final disposition of Diaz-Cruz's final merits hearing.

So that the Court may determine whether it can enter its final judgment regarding Diaz-Cruz's Petition, the Court hereby orders the Parties to file a joint status report within ten days of this Order. The status report shall include: (1) confirmation that Diaz-Cruz was immediately released on bond following the Court's December 12, 2025, Order; (2) the outcome of Diaz-Cruz's December 16, 2025, final merits hearing; (3) the steps that have been taken and that still remain outstanding in order to enforce those trial outcomes; and (4) clarification on any requests for relief from the Petition that have not been fully addressed by the Court.

It is so ordered.

                UNITED STATES DISTRICT JUDGE
                MATTHEW L. GARCIA